IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERGANA GENCHEVA | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| MCGLADREY LLP, RSM MCGLADREY, INC. | ) |
| MCGLADREY & PULLEN, LLP | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, GERGANA GENCHEVA (hereinafter referred to as "GENCHEVA"), and

for her complaint against the Defendants MCGLADREY LLP, RSM MCGLADREY, INC. and

MCGLADREY & PULLEN, LLP (hereinafter collectively referred to as "MCGLADREY")

states:

### Count I -Violation Of Gencheva's Civil Rights Under Title VII Of The Civil Rights Of 1964, As Amended By the Civil Rights Act Of 1991.

1.       This action is brought for damages sustained by GENCHEVA by reason of

MCGLADREY's violation of her civil rights under Title VII of Civil Rights Act of 1964, as

amended by the Civil Rights Act of 1991.

2.       GENCHEVA is a citizen of the United States and is a resident of the Northern

District of Illinois.

3.       MCGLADREY LLP is a limited liability partnership with its principal place of

business at One South Wacker Drive, Suite 800, Chicago, Illinois 60606.

4.       RSM MCGLADREY, INC. is a corporation with its principal place of business at

One South Wacker Drive.

5.       MCGLADREY PULLIN LLP was a limited liability partnership with its principal

place of business at One South Wacker Drive in Chicago, Illinois.

6.      At all times relevant hereto, MCGLADREY was an "employer" within the meaning of Title VII of the Civil Act of 1964, as amended by the Civil Rights Act of 1991.

7.      This Court has jurisdiction pursuant to 42 USC § 2000 (e-5) (f) (1) and pursuant to 28 USC § 1331 and 1343.

8.      Venue is appropriate in this Court pursuant to 42 USC § 2000 (e-5) (f) (3).

9.       In August, 2011, GENCHEVA began working for MCGLADREY as a consulting associate and was assigned various projects in Ohio, Florida, Illinois, Pennsylvania, and California.

10.     During GENCHEVA's employment, it was the policy of MCGLADREY not to discriminate against an employee on the basis of her sex.

11.     Notwithstanding MCGLADREY'S policy, commencing in late November 2011, MCGLADREY began to discriminate against GENCHEVA on the basis of her sex.

12.     Specifically, Jason Alexander, GENCHEVA's manager, began to assign her more work with shorter deadlines than any other male employees and publicly criticized her including calling her stupid and incompetent.

13.     On December 19, 2011, GENCHEVA complained to Jeff Fago, HR Director for MCGLADREY, about being treated differently than males.

14.     Thereafter, MCGLADREY stopped assigning GENCHEVA projects.

15.     She was then relocated to Chicago. Upon relocation to Chicago, GENCHEVA received nominal assignments.

16.     On or about March 8, 2012, GENCHEVA complained to Hussain Hasan, Managing Director, about her treatment both in Florida and that MCGLADREY was giving her

nominal work assignments in Chicago.

17.     Mr. Hasan told her it was better for her career to forget about what occurred in Florida and not to discuss it with others.

18.     On June 1, 2012, MCGLADREY terminated GENCHEVA allegedly for under-performance.

19.     MCGLADREY'S concocted reason for terminating GENCHEVA was merely a pretext for its unlawful sex discrimination.

20.     MCGLADREY has, therefore, discriminated against GENCHEVA because of her sex in violation of her rights under Title VII of the Civil Rights Act of 1964 42 USC §2000 (e-2) (a) (1), as amended by the Civil Rights Act of 1991.

21.     On August 1, 2012, pursuant to 42 USC § 2000 (e-5) and the regulations issued thereunder, GENCHEVA filed a complaint of discrimination with the Equal Employment Opportunity Commission.

22.     Pursuant to her request, on or about January 17, 2013, GENCHEVA received her notice of right to sue.  A true and correct copy of this notice of right to sue is attached hereto as **Exhibit A**.

23.     Less than ninety (90) days have expired since GENCHEVA's receipt of this notice of right to sue.

24.     MCGLADREY'S violation of GENCHEVA's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Acts of 1991, has caused her pecuniary damages.

WHEREFORE, the Plaintiff, GERGANA GENCHEVA requests that this Court enter judgment in her favor and against the Defendants, MCGLADREY LLP, RSM MCGLADREY,

INC. and MCGLADREY & PULLEN, LLP, as follows:

      i.      Enjoining MCGLADREY from engaging in such unlawful employment practices as alleged in this complaint;

      ii.      Requiring MCGLADREY to rehire GENCHEVA to her position at a rate of pay comparable to what she would have been receiving if not for the civil rights' violations committed against her by MCGLADREY;

      iii.      Making GENCHEVA whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights' violations committed by MCGLADREY;

      iv.      Alternatively, in the event, MCGLADREY is unwilling to hire GENCHEVA, that GENCHEVA be awarded front pay;

      v.      Awarding GENCHEVA compensatory and punitive damages in amounts authorized under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

      vi.      Awarding GENCHEVA attorney's fees and costs pursuant to 42 U.SC. § 2000 (e-5)(k) and pre-judgment interest; and

      vii.      Awarding GENCHEVA such other relief as this Court may deem appropriate.

## THE PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT II - Violation Of Gencheva's Civil Rights Under Title VII Of The Civil Rights Of 1964, As Amended By The Civil Rights Act Of 1991.

      1.      This action is brought for damages sustained by GENCHEVA by reason of MCGLADREY's violation of her civil rights under Title VII of Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

      2.      GENCHEVA is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     MCGLADREY LLP is a limited liability partnership with its principal place of business at One South Wacker Drive, Suite 800, Chicago, Illinois 60606.

4.     RSM MCGLADREY, INC. is a corporation with its principal place of business at One South Wacker Drive.

5.     MCGLADREY PULLIN LLP was a limited liability partnership with its principal place of business at One South Wacker Drive in Chicago, Illinois.

6.     At all times relevant hereto, MCGLADREY was an "employer" within the meaning of Title VII of the Civil Act of 1964, as amended by the Civil Rights Act of 1991.

7.     This Court has jurisdiction pursuant to 42 USC § 2000 (e-5) (f) (1) and pursuant to 28 USC § 1331 and 1343.

8.     Venue is appropriate in this Court pursuant to 42 USC § 2000 (e-5) (f) (3).

9.     In August, 2011, GENCHEVA began working for MCGLADREY as a consulting associate and was assigned various projects in Ohio, Florida, Illinois, Pennsylvania, and California.

10.     During GENCHEVA's employment, it was the policy of MCGLADREY not to discriminate against an employee on the basis of her national origin.

11.     Notwithstanding MCGLADREY'S policy, commencing in late November 2011, MCGLADREY began to discriminate against GENCHEVA on the basis of her national origin, namely, Bulgarian.

12.     Specifically, Jason Alexander, GENCHEVA's manager, began to assign her more work with shorter deadlines than non-Bulgarian employees and publicly criticized her, including calling her stupid and incompetent.

13.     On December 19, 2011, GENCHEVA complained to Jeff Fago, HR Director for

MCGLADREY, about being treated differently than non-Bulgarian employees. Thereafter, MCGLADREY stopped assigning GENCHEVA projects.

14.     She was then relocated to Chicago. Upon relocation to Chicago, GENCHEVA received nominal assignments.

15.     On or about March 8, 2012, GENCHEVA complained to Hussain Hasan, Managing Director, about her treatment both in Florida and that MCGLADREY was now giving her nominal work assignments in Chicago.

16.     Mr. Hasan told her it was better for her career to forget about what occurred in Florida and not to discuss it with others.

17.     On June 1, 2012, MCGLADREY terminated GENCHEVA allegedly for under-performance.

18.     MCGLADREY'S concocted reason for terminating GENCHEVA was merely a pretext for its unlawful national origin discrimination.

19.     MCGLADREY has, therefore, discriminated against GENCHEVA because of her national origin in violation of her rights under Title VII of the Civil Rights Act of 1964 42 USC §2000 (e-2) (a) (1), as amended by the Civil Rights Act of 1991.

20.     On August 1, 2012, pursuant to 42 USC § 2000 (e-5) and the regulations issued thereunder, GENCHEVA filed a complaint of discrimination with the Equal Employment Opportunity Commission.

21.     Pursuant to her request, on or about January 17, 2013, GENCHEVA received her notice of right to sue. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit A**.

22.     Less than ninety (90) days have expired since GENCHEVA's receipt of this

6

notice of right to sue.

23.    MCGLADREY'S violations of GENCHEVA's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Acts of 1991, has caused her pecuniary damages.

WHEREFORE, the Plaintiff, GERGANA GENCHEVA requests that this Court enter judgment in her favor and against the Defendants, MCGLADREY LLP, RSM MCGLADREY, INC. and MCGLADREY & PULLEN, LLC, as follows:

i.    Enjoining MCGLADREY from engaging in such unlawful employment practices as alleged in this complaint;

ii.    Requiring MCGLADREY to rehire GENCHEVA to her position at a rate of pay comparable to what she would have been receiving if not for the civil rights' violations committed against her by MCGLADREY;

iii.    Making GENCHEVA's whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by MCGLADREY;

iv.    Alternatively, in the event, MCGLADREY is unwilling to hire GENCHEVA, that GENCHEVA be awarded front pay;

v.    Awarding GENCHEVA compensatory and punitive damages in amounts authorized under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991;

vi.    Awarding GENCHEVA attorney's fees and costs pursuant to 42 U.SC. § 2000 (e-5)(k) and pre-judgment interest; and

vii.    Awarding GENCHEVA such other relief as this Court may deem appropriate.

## THE PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

Joel F. Handler (#1115812)
One East Wacker Drive
Suite 510
Chicago, IL 60601
(312) 621-0008

Attorney for the Plaintiff
GERGANA GENCHEVA

8

**EXHIBIT A**

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Gergana Gencheva<br>c/o Antoinette Choate<br>CHOATE LAW<br>53 W. Jackson Blvd, STe 505<br>Chicago, IL 60604 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2012-04774 | Carol Milazzo,<br>Investigator | (312) 869-8133 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| ☐ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☒ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

*1-17-2013*

*(Date Mailed)*

cc:     MCGLADREY LLP